IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY ROBERTS<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | C. A. No. H-06-2517 |
| DHL EXPRESS<br>Defendant. | §<br>§ | |

### AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled, the parties hereby Stipulate and Agree as follows:

1. **Non-Disclosure for Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Agreement, no stamped confidential document may be disclosed to any person.

> A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information of a proprietary and confidential nature. For purposes of this Agreement, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in

the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in this litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provisions of subparagraph (c), such documents may also be disclosed:

      a. To any persons designated by the court in the interest of justice, upon such terms as the court may deem proper; and

      b. To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system, and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and served the opposing party with a form containing:

      (1) a recital that the signatory has read and understands this Agreement;

      (2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and

(3) a statement that the signatory consents to the exercise of personal jurisdiction by this court.

c. Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or any employee of a competitor) of the party that so designated the document, the party wishing to make such disclosure shall give at least ten days' actual advance notice in writing to the counsel who designated such information as confidential, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. If, within the ten day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the court has denied such motion.

3. **Confidential Information in Depositions.**

a. A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 2(c) are complied with. Deponents shall not retain or copy portions of the transcript of the depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 2(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Agreement before being examined about, or asked to produce, potentially confidential documents.

b. Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential. Subject to

protection." Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Agreement. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

      c.    A confidential exhibit used in deposition retains its confidentiality and any testimony concerning or related to such exhibit shall automatically be considered confidential information, unless otherwise agreed to by the parties.

    4    **Confidential Information at Trial.** Subject to the Rules of Evidence, a stamped confidential document and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

    5    **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Agreement, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

    6.    **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions or specific Court orders. If filed, they shall be filed

under seal and shall remain sealed while in the office of the clerk so long as they retain their status as stamped confidential documents.

7. **Client Consultation.** Nothing in this Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated to the client unless and until the client fulfills the procedures set forth in paragraph 2(b) and (c) by signing and serving the form described therein.

8. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the Court, with notice to counsel so designating the document.

9. **Use.** Persons obtaining access to stamped confidential documents under this Agreement shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative or judicial proceedings.

10. **Non-Termination.** The provisions of this Agreement shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or persons which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

11. **Modification Permitted.** Nothing in this Agreement shall prevent any party or other person from seeking modification of this Agreement or from objecting to discovery that it believes to be otherwise improper.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this Agreement, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13. **Inadvertent Disclosures.** Unless the party does not designate the document as confidential within 20 days of production, the inadvertent or unintentional disclosure of any confidential information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific confidential information disclosed or as to any other related information.

14. **Effective Date and Retroactive Application.** The provisions of this Agreement shall apply from the date this Agreement is entered to any and all documents produced in this case and to any and all information produced or disclosed, whether produced or disclosed before or after the entry of this Agreement. Documents produced before the entry date of this Agreement, or documents produced but not stamped as confidential, may retroactively be stamped as confidential and shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality.

SIGNED this the 17th day of January, 2007

_____
UNITED STATES DISTRICT JUDGE

AGREED AS TO FORM AND SUBSTANCE:

By: /s/ Katherine E. Flanagan by BLM
Katherine E. Flanagan
State Bar No. 00788945
Federal I.D. No. 17542
Fed. I.D. No. 18248
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 - Telephone
(713) 951-9212 - Facsimile

**ATTORNEY IN CHARGE FOR**
**DEFENDANT DHL EXPRESS (USA), INC.**

Of Counsel:
LITTLER MENDELSON P.C.
Brian L. Mims
State Bar No. 00788061
Federal I.D. No. 18248

By: /s/
Ellen Sprovach
State Bar No. 24000672
Federal I.D. No. 22202
11 Greenway Plaza, Suite 2810
Houston, Texas 77046
(713) 960-8300 - Telephone
(713) 621-6670 - Facsimile

**ATTORNEY IN CHARGE FOR**
**PLAINTIFF JERRY ROBERTS**

Of Counsel:
ROSENBERG & SPROVACH
Gregg M. Rosenberg
State Bar No. 17268750

Firmwide:81753116.1 047975.1020